IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AGWEST FARM CREDIT, PCA,

                       Plaintiff,

    vs.

NOVARUPTA, O.N. 1302767, her engines, machinery, appurtenances, etc., in rem; and BRAD T. ANGASAN and RONALDA ANGASAN, in personam,

                       Defendants.

No. 3:24-cv-0262-HRH

O R D E R

Motion for Summary Judgment

    Plaintiff AgWest Farm Credit, PCA (herein "AgWest"), moves for summary judgment.[1] Defendants F/V NOVARUPTA, O.N. 1302767, the in rem defendant (herein "the Vessel"), and in personam defendants, Brad T. Angasan and Ronalda Angasan (herein "the Angasans"), have responded to AgWest's motion.[2] AgWest has replied.[3] Oral argument has not been requested and is not deemed necessary.

    In considering AgWest's motion for summary judgment, the court has had reference to the following:

---

[1]Docket No. 29.

[2]Docket No. 33.

[3]Docket No. 35.

ORDER – Motion for Summary Judgment                                         - 1 -

(1) AgWest's verified complaint[4] and exhibits;

(2) AgWest's motion for summary judgment;[5]

(3) the Angasans' response in opposition;[6]

(4) AgWest's reply in support of motion;[7]

(5) Declaration of Ethan Williams, relationship manager for AgWest, in support of AgWest's motion for summary judgment;[8] and

(6) Declaration of R. Isaak Hurst, counsel for defendants, in support of the Angasans' statement of non-opposition and motion for stay.[9]

Facts

The facts material to the disposition of AgWest's motion for summary judgment are not in dispute.[10] The court therefore adopts AgWest's statement of background facts[11] as follows.

This lawsuit arises out of a loan made by AgWest to the Angasans and secured by the Vessel. On or about July 30, 2019, the Angasans and AgWest entered into a Loan Agreement ("Loan Agreement") for the extension of credit from AgWest to the Angasans to finance the planned construction of the Vessel ("the Vessel Loan"). The Loan Agree-

---

[4]Docket No. 1.

[5]Docket No. 29.

[6]Docket No. 33.

[7]Docket No. 35.

[8]Docket No. 30.

[9]Docket No. 34.

[10]Docket No. 33 at 2.

[11]Docket No. 29 at 2-5.

ORDER – Motion for Summary Judgment — - 2 -

ment did not specify a loan amount, but the Loan Agreement set forth the terms and conditions that would govern any loans or extension of credit made by AgWest to the Angasans, including the Vessel Loan.

On July 30, 2019, the Angasans signed a Security Agreement related to the under-construction Vessel, giving AgWest a security interest in the Vessel, as well as any associated rights held by the Angasans. On the same date, AgWest entered into a Security Agreement In Vessel Under Construction ("Construction Security Agreement") with the builder of the Vessel, Velocity Marine and Fabricators, LLC, giving AgWest a continuing security interest in the under-construction Vessel and any rights to the Vessel held by Velocity.

On October 30, 2020, after the final construction cost for the Vessel was determined, the Angasans executed an Intermediate Term Note in the amount of $421,325.86 to document the loaned funds and the obligation to repay the Vessel Loan ("Note"). The Note set a fixed interest rate at 5.33% per annum and required the Angasans to repay the Vessel Loan in equal installment payments of $10,476.80 every three months, beginning on June 1, 2021, with a balloon payment as the final installment on December 1, 2032, the maturity date. The Note further provided that all principal, interest, and other amounts due under the Note and Loan Agreement must be repaid by this maturity date.

Section 7.02 of the Loan Agreement provided that in the event of default by the Angasans on any AgWest loan, including the Vessel Loan, the entire principal balance, all unpaid interest, and any other amounts due under any AgWest loan may be declared immediately due and payable upon default, along with all other remedies available to AgWest as a lender. Section 10.05 of the Loan Agreement states that the amount due to AgWest includes all "Lender Expenses" in connection with its loans, including all attor-

ORDER – Motion for Summary Judgment                                                                                       - 3 -

Case 3:24-cv-00262-HRH    Document 36    Filed 07/09/25    Page 3 of 9

ney fees, costs, and disbursements of AgWest in connection with the creation, administration, or collection upon any AgWest loan to the Angasans.

On October 30, 2020, the Angasans signed an Amended and Restated Security Agreement in favor of AgWest ("Amended Security Agreement"), under which the Angasans granted a security interest in the completed in rem defendant Vessel (the NOVARUPTA), as well as all fishing rights, accounts, intangibles, payments, proceeds and products thereof. The Amended Security Agreement provides that in the event of default under the Loan Agreement or Note, the Angasans will be liable for all amounts due on any loans along with all costs of foreclosure, costs of obtaining money damages, attorney fees, and costs of preserving its collateral. AgWest's security interest in the Vessel and other collateral were perfected by filing a series of UCC statements recording these interests.

On or about November 5, 2020, the Angasans, as vessel owners, executed a Preferred Mortgage on the in rem defendant Vessel in the amount of $421,325.86 plus interest thereon to secure repayment of the Loan ("Mortgage"). The Mortgage provides that in the event of any default under the Note, AgWest may foreclose on the Mortgage, take possession of the Vessel, and to sell it in satisfaction of the debt as allowed by law.

## Summary Judgment Law

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden is on the moving party to show that there is an absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, then the non-moving party must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 247-48 (1986). In deciding a motion for summary judgment, the court views the evidence of the non-movant in the light most favorable to that party, and all justifiable inferences are also to be drawn in its favor. Id. at 255. "'[T]he court's ultimate inquiry is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence.'" Arandell Corp. v. Centerpoint Energy Servs., Inc., 900 F.3d 623, 628-29 (9th Cir. 2018) (quoting T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987)).

To defeat a motion for summary judgment, the non-moving party must identify material facts which are in dispute. The non-moving party may, pursuant to Rule 56(d), Federal Rules of Civil Procedure, seek to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion for summary judgment.

## Discussion

Based upon the undisputed material facts which are relevant to AgWest's complaint for the foreclosure of the preferred ship mortgage executed by the Angasans, AgWest argues that it is entitled to a judgment against the Angasans, in personam, and the Vessel, in rem, as a matter of law and in the amount of the unpaid principal, interest, attorney fees, collection costs, and custodia legis expenses. AgWest also argues for a judgment foreclosing its preferred ship mortgage. In their response to AgWest's motion for summary judgment, the Angasans collectively "do not dispute the facts that gave rise to this litigation."[12] Specifically, defendants do not dispute AgWest's evidence that they have defaulted on their obligation to make timely payments to AgWest on their preferred

---

[12] Docket No. 33 at 2.

ORDER – Motion for Summary Judgment - 5 -

ship mortgage.[13] Defendants do not dispute AgWest's evidence that they have been given notice of the acceleration of the sums due under the preferred ship mortgage.[14] Finally, defendants do not dispute that the defendant vessel has been arrested[15] and is therefore available for a foreclosure sale.

In opposing AgWest's motion for summary judgment, the defendants argue that the court should stay its ruling on AgWest's motion for summary judgment "for a period of 30 days to permit completion of Vessel refinancing and damage assessment."[16] The fact that the Angasans are seeking to refinance the Vessel is a fact not material to AgWest's motion for summary judgment or the entry of a judgment foreclosing AgWest's preferred ship mortgage. The Angasans cite no law (and there is none of which the court is aware) that would require AgWest to delay these proceedings in favor of the Angasans' efforts to refinance the defendant Vessel.

The court supposes for the sake of discussion that it could easily delay these proceedings for purposes of affording the Angasans time to refinance the vessel; but the Angasans have offered no persuasive reason why the court should delay AgWest in its foreclosure proceedings and, as a practical matter, the 30-day stay which the Angasans seek will surely have expired before AgWest and the U.S. Marshal could arrange and schedule a foreclosure sale.

In opposing AgWest's motion for summary judgment, the Angasans argue that they "are unable to properly oppose Plaintiff's arguments because the Vessel sustained

---

[13]Docket No. 30 at 2, ¶ 3.

[14]Id.

[15]Docket No. 13.

[16]Docket No. 33 at 5.

ORDER – Motion for Summary Judgment - 6 -

damage while in custody of the substitute custodian, and Defendants have not had an opportunity to conduct a full and fair survey."[17] It is undisputed that the defendant Vessel was arrested in furtherance of AgWest's complaint. It is also undisputed that the defendant Vessel suffered some damage when it accidentally fell from the blocking that held the Vessel upright in storage. The question that the Angasans raise at this point is: "What is the value of the defendant Vessel?" The Angasans assume that the value has diminished by reason of the accident. The value of AgWest's security has no bearing on the amount of the debt which the Angasans owe. The value of the defendant Vessel at a foreclosure sale will depend upon the market for fishing vessels, the new value appraisal of the Vessel which the Angasans are seeking, and the amount of the offset bid that AgWest might make at a foreclosure sale. The fact that the Vessel was damaged while in custody could affect the value of AgWest's security interest in the Vessel; but the fact that the Vessel has suffered some damage does not give rise to any legal right on the part of defendants for a stay of these proceedings. AgWest is entitled to move forward with these proceedings, leaving it to the Angasans, the substitute custodian of the Vessel, and AgWest to sort out any liability for damage to the Vessel – which, according to defense counsel, has been repaired at the direction of the substitute custodian. The Angasans point out that they are securing the services of an independent surveyor to evaluate the condition of the Vessel in connection with their efforts to refinance. The court believes that neither the substitute custodian nor AgWest will in any fashion interfere with the Angasans' efforts to secure a full condition and value survey of the Vessel.

AgWest's motion for summary judgment has to do with the amount of the Angasans' debt to AgWest and the question of whether the Angasans have defaulted on

---

[17]Docket No. 33 at 2.

ORDER – Motion for Summary Judgment - 7 -

their loan. The amount of the Angasans' debt is established by the undisputed declaration of AgWest's relationship manager, Ethan Williams.[18] The Williams declaration further establishes the Angasans' default and acceleration of their obligations to AgWest.[19] The foregoing factors are undisputed and are dispositive with respect to AgWest's motion for summary judgment.

AgWest's motion for summary judgment is granted, and IT IS ORDERED:

(1) That AgWest is entitled to judgment against the <u>in rem</u> defendant F/V NOVARUPTA and the <u>in personam</u> defendants Brad and Ronalda Angasan, and each of them, in the amount of $358,788.77, plus interest to September 23, 2024, in the amount of $7,698.45, plus additional interest on the principal at a rate of $53.37/day from September 24, 2024, until the date judgment is entered;

(2) That, in accordance with the parties' agreements, AgWest is entitled to an award of all charges authorized by the loan documents, including all reasonable attorney fees and litigation costs. These charges and costs shall be assessed and approved by separate motion to be filed by AgWest within 20 days of this order;

(3) That AgWest is entitled to recover all <u>custodia legis</u> expenses and other collection costs. Arrest and <u>custodia legis</u> costs shall also be approved by motion of AgWest filed within 20 days of this order; and

(4) That the liens against the Vessel and appurtenances under state and federal law are hereby foreclosed. AgWest shall in due course, and after coordination with the U.S. Marshal, seek an order of sale for the defendant Vessel pursuant to Local Admiralty Rule (e)-14.

---

[18] Docket No. 30 at 2-3, ¶ 6.

[19] <u>Id.</u> at 2, ¶ 3.

The clerk of court shall enter judgment in favor of AGWEST FARM CREDIT, PCA, and against NOVARUPTA, O.N. 1302767, her engines, machinery, appurtenances, etc., <u>in rem</u>, and BRAD T. ANGASAN and RONALDA ANGASAN, <u>in personam</u>, jointly and severally, in accord with paragraphs (1) through (4) above. Upon the court's assessment of attorney fees, charges, costs, <u>custodia legis</u> and collection expenses, those additional sums shall be endorsed by the clerk on the judgment in the various amounts approved by the court or clerk.

DATED at Anchorage, Alaska, this  9th  day of July, 2025.

/s/   H. Russel Holland
United States District Judge